IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>                                            Plaintiff,<br><br>vs.<br><br>Ryan Scott Franklin,<br><br>                                            Defendant. | Case No. 3:16-cr-00089 |

ORDER DENYING MOTION TO REDUCE SENTENCE

[¶1]     THIS MATTER comes before the Court on a what has been styled a Motion to Reduce Sentence filed by the Defendant on May 14, 2024. Doc. No. 1076. The Federal Public Defender withdrew from representing the Defendant because the Defendant admitted he is ineligible for a sentencing reduction under Amendment 821 but simply requested to have one point removed. Doc. No. 1078. The United States filed a Response arguing the Defendant is ineligible for a sentencing reduction under Amendment 821 because the Defendant is a career offender.

[¶2]     The Defendant has not made a request for sentencing reduction under Amendment 821 and provides no basis for the Court removing one criminal history point. After a careful review of the record, the Court concludes there is no basis to reduce his criminal history by one point as he requests.

[¶3]     Even if he made is request pursuant to Amendment 821 to the United States Sentencing Guidelines, his request would fail. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may seek a sentence reduction if he has "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" The Defendant's Motion fails under both Parts A and B of Amendment 821.

[¶4]   In Part A to Amendment 821, the United States Sentencing Commission made changes to the "status points" provision which are criminal history points added when a defendant committed the instant offense while under another criminal justice sentence. The retroactive application of Part A does not affect his criminal history category of VI because the Defendant was a career offender under USSG § 4B1.1(b). <u>See</u> Doc. No. 806, ¶ 59. He would have been in criminal history category VI regardless of the two additional status points. Therefore, Part A to Amendment 821 is inapplicable.

[¶5]   In Part B, Subpart 1 to Amendment 821, the Sentencing Commission created a two-level reduction in the total offense level for defendants receiving zero criminal history points and whose offense did not involve certain criteria. Part B likewise affords no relief. The retroactive application of the two-level reduction in USSG § 4C1.1 only applies when a defendant "did not receive any criminal history points from Chapter Four, Part A." USSG § 4C1.1(a)(1). Because the Defendant had eleven scoreable criminal history points (Doc. No. 806, ¶ 56), he is not a zero-point offender under USSG § 4C1.1 and is ineligible for a sentencing reduction under Part B of Amendment 821.

[¶6]   The record demonstrates that Amendment 821 does not apply to the Defendant. Therefore, the Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Accordingly, the Defendant's Motion to Reduce Sentence is **DENIED**.

[¶7]   **IT IS SO ORDERED.**

DATED June 26, 2024.

Daniel M. Traynor, District Judge
United States District Court